# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## 9:18-CV-80227-ROSENBERG

JEANNE GO,　　　　　　　　　　　　　　　　　Bankruptcy Case No:
　　　　　　　　　　　　　　　　　　　　　　　　13-14292-BKC-PGH
　　　Appellant,

v.

NICOLE TESTA MEHDIPOUR,

　　　Appellee.
_____/

## OPINION AND ORDER

This matter is before the Court upon Appellant's Initial Brief [DE 17] in her appeal of the Bankruptcy Court's Order Denying Motion to Allow Late Filed Claim, entered on February 8, 2018. Appellee has filed a Motion for Attorneys' Fees and Costs for Frivolous Appeal [DE 23], to which Appellant has filed a Response [DE 26]. The Court has considered Appellant's Initial Brief, Appellee's Answer Brief, the Motion, the Response, and the record in this case. For the reasons set forth below, the Court affirms the Bankruptcy Court's Order and denies Appellee's Motion for Attorneys' Fees and Costs.

## I.　　FACTUAL BACKGROUND

This appeal stems from two related bankruptcy cases: a Chapter 7 proceeding initiated by Appellant ("the Individual Case") and a Chapter 11 proceeding initiated by Go and Go, M.D., P.A. ("the Debtor") that was converted to a Chapter 7 proceeding ("the Corporate Case").

### A.　　The Individual Case

Appellant initiated the Individual Case by filing a voluntary Chapter 7 petition in February 2013. DE 7-3 at 349. Margaret Smith was appointed trustee. *Id.* The Internal Revenue Service ("IRS") filed Proof of Claim No. 6-1 in July 2014. DE 7-4 at 1-3. Proof of

Claim No. 6-1 reflected a total claim of $219,742.88 for unpaid taxes, including a secured lien in the amount of $197,249.88 on real property that Appellant owned. *Id.* at 1, 3.

In August 2016, Smith filed an objection to Proof of Claim No. 6-1 on the basis that the IRS's security interest did not attach to the office building in Boynton Beach that had housed the Debtor's medical practice. DE 7-7 at 1-3. Smith stated that the office building was the Debtor's property, rather than Appellant's property. *Id.* at 2. The objection required any disagreement to be articulated in a written response filed within 30 days of service of the objection. *Id.* at 1. A Certificate of Service indicates that a copy of the objection was sent to the IRS and to Appellant's counsel. *Id.* at 3, 5. There were no written responses, and the Bankruptcy Court issued an Order sustaining the objection in September 2016. DE 7-4 at 68-69. In December 2016, the IRS amended Proof of Claim No. 6-1 by filing Proof of Claim No. 6-2, which reflected a total unsecured claim of $202,949.75. DE 7-7 at 21-24.

### B. The Corporate Case

The Debtor initiated the Corporate Case by filing a voluntary Chapter 11 petition in February 2013. DE 7-1 at 1-2. The Corporate Case was converted to a Chapter 7 proceeding on April 24, 2013. *Id.* at 10. A notice of the conversion, which the IRS received electronically, set deadlines for filing proofs of claim. DE 7-6 at 3-5. However, that notice left blank the deadline for a governmental unit to file a proof of claim. *Id.* at 3. Appellee was appointed trustee. DE 7-1 at 10. The IRS filed Proof of Claim No. 2-1 in April 2013. DE 7-6 at 402. The IRS twice amended that claim, resulting in a total unsecured claim of $6,240. *Id.* at 405-10.

Appellant, Appellant's husband, Appellee, Smith, and Fedeline Normil, an individual creditor in the Corporate Case, entered into a settlement that provided for the sale of the office building and for a distribution of the sale proceeds. DE 7-3 at 74-77, 93-101. In September

2014, Appellee and Smith moved for approval of the settlement. DE 7-1 at 33-34; DE 7-3 at 69-79. A Certificate of Service indicates that a copy of this motion was sent to the IRS. DE 7-3 at 79, 87. The Bankruptcy Court approved the settlement in October 2014. DE 7-1 at 34; DE 7-3 at 106-08. A Certificate of Service indicates that a copy of the Bankruptcy Court's Order was sent to the IRS. DE 7-3 at 109, 114.

In November 2014, Appellee and Smith moved to sell the office building free and clear of all liens, claims, and encumbrances. *Id.* at 117-23. A Certificate of Service indicates that a copy of this motion was sent to the IRS. *Id.* at 123, 131. In January 2015, the Bankruptcy Court approved the sale of the office building free and clear of all liens, claims, and encumbrances, with the provision that the Palm Beach County Tax Collector be paid $113,225.07 at the closing. *Id.* at 176-82. A Certificate of Service indicates that a copy of the Bankruptcy Court's Order was sent to the IRS. *Id.* at 183, 188. In February 2015, the Bankruptcy Court ordered the sale proceeds to be distributed to Trustee Realty, Wells Fargo, Appellant's husband, Normil, and the Palm Beach County Tax Collector. *Id.* at 191-93. A Certificate of Service indicates that a copy of this Order was sent to the IRS. *Id.* at 194, 200.

Appellant filed Proof of Claim No. 13-1 on behalf of the IRS in December 2017, after it had been resolved that the IRS's security interest in the Individual Case did not attach to the office building. *Id.* at 1-3. Proof of Claim No. 13-1 reflected a total claim of $197,249.88 secured by a lien on the office building's sale proceeds. *Id.* at 2. Appellant also moved to allow this late claim. *Id.* at 244-49.

The Bankruptcy Court denied this motion following an evidentiary hearing. *Id.* at 348-65. The Bankruptcy Court concluded that Proof of Claim No. 13-1 was untimely under the Federal Rules of Bankruptcy Procedure and that there was no basis to extend the proof-of-claim

3

deadline, as the IRS had actual notice and knowledge of the Corporate Case, had filed three Proofs of Claim in the case, and had received every important filing in the case. *Id.* at 360-65. This appeal follows.

## II. STANDARD OF REVIEW AND JURISDICTION

District court appellate jurisdiction extends to final orders from bankruptcy courts. 28 U.S.C. § 158(a). A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law and mixed questions of law and fact *de novo*. *In re McLean*, 794 F.3d 1313, 1318 (11th Cir. 2015).

## III. DISCUSSION

### A. Appeal

Appellant raises two arguments on appeal. First, Appellant contends that the Bankruptcy Court should have permitted the untimely Proof of Claim No. 13-1 because the IRS lacked notice of a deadline to file a proof of claim. Appellant points to the notice of conversion in the Corporate Case that left blank the deadline for a governmental unit to file a proof of claim. Second, Appellant contends that Certificates of Service in the Corporate Case are unclear as to whether the IRS received filings related to the settlement involving the office building, its sale, and the distribution of the sale proceeds.

A proof of claim is a written statement setting forth a creditor's claim in a bankruptcy proceeding. Fed. R. Bankr. P. 3001(a). A proof of claim filed by a governmental unit in a Chapter 7 proceeding is timely if filed no later than 180 days after the date of the order for relief. Fed. R. Bankr. P. 3002(c)(1). A new time period for filing a claim commences when a Chapter 11 proceeding is converted to a Chapter 7 proceeding. Fed. R. Bankr. P. 1019(2)(A). The conversion of a case from a case under one chapter of the Bankruptcy Code to a case under

4

another chapter constitutes an order for relief under the chapter to which the case is converted. 11 U.S.C. § 348(a).

It is true that the notice of conversion left blank the deadline for a governmental unit to file a proof of claim. *See* DE 7-6 at 3. However, the IRS had notice of the proof-of-claim deadline by operation of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The IRS had 180 days from April 24, 2013, the date of conversion, to file a proof of claim. *See* 11 U.S.C. § 348(a); Fed. R. Bankr. P. 1019(2)(A), 3002(c)(1). The IRS, in fact, did file Proof of Claim No. 2-1 in a timely manner and filed two timely amendments of that claim. *See* 7-6 at 402-10. The Bankruptcy Court did not err by concluding that the proof-of-claim deadline was readily ascertainable.

Turning to Appellant's argument concerning whether the IRS received filings related to the office building, the Certificate of Service for each relevant filing states that the filing was sent "by U.S. First Class mail to all parties entitled to notice as indicated on the attached service list." *See* DE 7-3 at 79, 109, 123, 183, 194. The IRS is listed on each service list as having been served at its Centralized Insolvency Operation in Philadelphia, Pennsylvania. *See id.* at 87, 114, 131, 188, 200. The Bankruptcy Court did not clearly error by finding that the IRS received the filings related to the office building.

### B. Motion for Attorneys' Fees and Costs

Appellee moves for an award of attorneys' fees and costs, arguing that this appeal is meritless and frivolous. DE 23. Appellant responds by reasserting the arguments contained in her Initial Brief. DE 26.

If a district court determines that a bankruptcy appeal is frivolous, the court may, upon motion and a reasonable opportunity to respond, award just damages and single or double costs

to the appellee. Fed. R. Bankr. P. 8020(a). An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit. *In re Barreto*, No. 13-81079-CIV, 2014 WL 3928518, at *3 (S.D. Fla. Aug. 12, 2014).

Although the Court is unpersuaded by Appellant's arguments, the Court concludes that this appeal was not wholly without merit, as the notice of conversion did leave blank the deadline for the IRS to file a proof of claim. Thus, Appellee's Motion for Attorneys' Fees and Costs [DE 23] is denied.

## IV. CONCLUSION

For the reasons set forth above, the Bankruptcy Court's Order Denying Motion to Allow Late Filed Claim, entered on February 8, 2018, is **AFFIRMED**. Appellee's Motion for Attorneys' Fees and Costs for Frivolous Appeal [DE 23] is **DENIED**. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of October, 2018.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record